1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  COLIN C. SAMPSON (CABN 249784)
   Assistant United States Attorney
5         450 Golden Gate Avenue, Box 36055
          San Francisco, California 94102-3495
6         Telephone: (415) 436-7200
          FAX: (415) 436-7009
7         Colin.Sampson@usdoj.gov

8  LIA RETTAMMEL (MDBN 1112150047)
   Trial Attorney, Civil Rights Division
9         950 Pennsylvania Ave. NE – 4CON 7.915
          Washington, DC 20530
10        (202) 514-3204
          Lia.Rettammel@usdoj.gov
11
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CR 21-0321 EMC |
|---|---|
| Plaintiff, | ) UNITED STATES' RESPONSES AND OPPOSITIONS TO DEFENDANT'S MOTIONS *IN LIMINE* (ECF NO. 52) |
| v. | |
| CSABA JOHN CSUKÁS, | ) Pretrial: October 8, 2024 3:30 p.m. |
| | ) Trial: October 25, 2024 |
| Defendants. | ) Court: Honorable William H. Orrick |

**TABLE OF CONTENT**

I. INTRODUCTION ...........................................................................................................1

II. RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE ......................................1

   1. Defense Motion *in Limine* No. 1: Defendants' Social Media Activity............................1

   2. Defense Motion *in Limine* No. 2: Indictment to Jury .....................................................3

   3. Defense Motion *in Limine* No. 3: Attorneys Conducting Voir Dire................................3

   4. Defense Motion *in Limine* No. 4: Government Witnesses Under Defense Subpoena ...4

   5. Defense Motion *in Limine* No. 5: Exclusion of Witnesses and Witness Order ..............5

   6. Defense Motion *in Limine* No. 6: Order Production of Grand Jury Transcripts ............7

   7. Defense Motion *in Limine* No. 7: Relevance Objections ...............................................7

   8. Defense Motion *in Limine* No. 8: R.B. ..........................................................................8

   9. Defense Motion *in Limine* No. 9: Defense Investigator .................................................8

   10. Defense Motion *in Limine* No. 10: Future Objections.................................................10

III. CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*In re United States*, 584 F.2d 666 (5th Cir. 1978) ................................................................. 5
*Touhy v. Ragan*, 340 U.S. 462 (1951) ..................................................................................... 5
*United States v. Allen*, 341 F.3d 870 (9th Cir. 2003) ............................................................. 1
*United States v. Blitz*, 151 F.3d 1002 (9th Cir 1998) ............................................................. 2
*United States v. Diggs*, 649 F.2d 731 (9th Cir. 1980) ............................................................ 2
*United States v. Deleon,* No. CR 15-4268, 2018 WL 1871418, at *2 n.2 (D.N.M. Apr. 17, 2018) .......... 9
*United States v. Dunaway*, 88 F.3d 617 (8th Cir. 1996) ........................................................ 2
*United States v. Escalante-Melgar,* No. 16-453, 2020 WL 968091 (D.N.J. Feb. 2020) ....... 9
*United States v. King*, 2006 WL 1641881 (M.D. Fla. June 9, 2006) ..................................... 9
*United States v. Little*, 753 F.2d 1420 (9th Cir. 1984) ........................................................... 6
*United States v. Magleby*, 241 F.3d 1306 (10th Cir. 2001) ............................................... 1, 2
*United States v. McInnis*, 976 F.2d 1226 (9th Cir. 1992) ...................................................... 1
*United States v. Miller*, 767 F.3d 585 (6th Cir. 2014) ........................................................... 1
*United States v. Murillo*, 255 F.3d 1169 (9th Cir. 2001) ....................................................... 2
*United States v. Ortiz*, 10 F. Supp. 2d 1058 (N.D. Iowa 1998) ............................................. 9
*United States v. Pursley*, 577 F.3d 1204 (10th Cir. 2009) ..................................................... 4
*United States v. Reyes*, 577 F.3d 1069 (9th Cir. 2009) .......................................................... 7
*United States v. Robertson*, 895 F.3d 1206 (9th Cir. 2018) ................................................... 6
*United States v. Ross*, 886 F.2d 264 (9th Cir. 1989) .............................................................. 3
*United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999) .................................................... 2
*United States v. Tarallo,* 380 F.3d 1174, 1188 (9th Cir. 2004) ............................................. 7
*United States v. Tyler*, 42 F. App'x 186 (10th Cir. 2002) .................................................. 8, 9
*United States v. Valencia-Riascos*, 696 F.3d 938 (9th Cir. 2012) ..................................... 5, 6
*United States v. West*, 607 F.2d 300 (9th Cir. 1979) ............................................................. 6
*United Staes v. Woodlee,* 136 F.3d 1399, 1410 (10th Cir. 1998) .......................................... 2
*Wagner v. United States*, 416 F.2d 558 (9th Cir. 1969) ........................................................ 4

**Federal Rules**

Federal Rule of Criminal Procedure 17 ............................................................................... 4, 5
Federal Rule of Evidence 403 ................................................................................................ 1
Federal Rule of Evidence 404 ................................................................................................ 2
Federal Rule of Evidence 611 ................................................................................................ *6*
Federal Rule of Evidence 615 ......................................................................................... *passim*

# I. INTRODUCTION

The United States (the "government") respectfully submits the following oppositions to Defendant's Motions *in Limine* in this matter. *See* ECF. No. 52. Defendant seeks to prevent the government entirely from presenting evidence to establish his state of mind in committing a hate crime against S.B., an element of the offense. For the reasons that follow, the government opposes several of Defendant's Motions *in Limine*.

# II. RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE

## 1. <u>Defense Motion *in Limine* No. 1</u>: Defendants' Social Media Activity

The Court should deny the Defendant's request to exclude the Defendant's social media activity under FRE 403 because the probative value of the evidence outweighs any prejudicial effect or risk of confusion for the jury. This evidence is necessary to prove that the crime would not have occurred *but for* S.B. actual or perceived religion or national origin—an element of the charged offense. To prove that a defendant acted *because of* a protected characteristic, the government is permitted to use a variety of evidence. *See United States v. Allen*, 341 F.3d 870, 886-88 (9th Cir. 2003) (upholding admission of color photographs of swastika tattoos, photographs of defendants in Heil Hitler poses, registration forms for Aryan Nations World Congress, and skinhead paraphernalia as direct evidence of motive element); *United States v. McInnis*, 976 F.2d 1226, 1230 (9th Cir. 1992) (admitting a "sign reading 'All Niggers Will be Executed,' [] dolls with nooses around their necks, and [a] machete in [a] sheath reading 'Nigger Sticker'" that served as direct evidence of racial motive); *United States v. Miller*, 767 F.3d 585, 601 (6th Cir. 2014) (defendant cut off the hair and beards of the Amish victims because they knew this type of attack would be religiously degrading to the victims); *United States v. Magleby*, 241 F.3d 1306, 1315-20 (10th Cir. 2001) (racist lyrics of song admissible to prove the racially motivated crime charged, holding in the § 3631 context that "[t]he lyrics and Mr. Magleby's familiarity with them are *probative of his racial animus* in burning the cross[,]" and that "[t]he necessity of demonstrating the context in which the cross was burned renders the [lyrics] and other evidence of hostility toward the presence of African-

Americas in this country *intrinsic* to a violation of § 241.") (emphasis added); and *United States v. Dunaway*, 88 F.3d 617, 619 (8th Cir. 1996) (evidence of racist views, speech, and conduct admissible in prosecution because motive was element of the crime). The government is not seeking to admit all of the Defendant's social media posts (20 of Defendant's 26 public posts between October 7, 2023 and the assault related to Israel, Palestine, Hamas, or Jewish or Israeli people), nor seeking to place him on trial for his political beliefs, or expression of free speech—rather the government has noticed intent to use a select number of the Defendant's directly relevant posts, which all precede the charged conduct and are directly relevant to Defendant's state of mind, to show the motive for his assault on S.B.

Further, this evidence is also admissible under Fed. R. Evid. 404(b). *See United Staes v. Woodlee*, 136 F.3d 1399, 1410 (10th Cir. 1998) (("[T]he government was required to prove [the defendant] acted because of the victim's race, color, religion, or national origin. Accordingly, it falls squarely within the motive and intent purposes delineated in 404(b)."). Under that rule, evidence of the defendant's other acts may be admitted to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States v. Blitz*, 151 F.3d 1002, 1007 (9th Cir 1998) (citing Rule 404(b)). "So long as the evidence is offered for a proper purpose, the district court is accorded wide discretion in deciding whether to admit the evidence." *Id*. (quotation and citation omitted). Moreover, evidence of prior bad acts may be admitted "for the purpose of providing the context in which the crime occurred." *United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999).

Considered a rule of "inclusion" in the Ninth Circuit, Fed. R. Evid. 404(b) provides that relevant evidence of other acts is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. *United States v. Diggs*, 649 F.2d 731, 737 (9th Cir. 1980), *cert. denied 454 U.S. 970 (1981); United States v. Blitz,* 151 F.3d 1002; and *United States v. Murillo,* 255 F.3d 1169 (9th Cir. 2001) (delineates admissibility criteria).

To admit evidence for one of the permissible purposes under the rule, the following foundation is necessary:

- there must be sufficient proof for the jury to find that the defendant committed the prior

act;

- the prior act must not be too remote in time;
- if used to prove intent, the prior offense must be similar to the charged offense;
- the prior act must be introduced to prove a material issue; and
- the appropriate value must outweigh any prejudice.

*United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989), cert. denied 494 U.S. 1083 (1990). The Reddit posts are admissible to prove intent and lack of accident and state of mind. The government can easily establish each of these foundational requirements. First, the government will show at trial through testimony that the Defendant was the account holder of the Reddit posts. Regarding remoteness, all but two of the posts the government has designated are all within 19 days of the charged assault. The other two posts are from the previous year, however, when taken as a whole will assist the jury in determining that the assault was not based on a mistake or accident. One of the posts shows an Israeli woman attacking a Palestinian protestor in London—the next day the Defendant attacked the victim, who he perceived to be Israeli. The records clearly relate to a material issue—the Defendant's bias against Israelis and persons who are Jewish. Next, these Reddit posts are material to provide context to the Defendant's state of mind leading up to the unprovoked attack and to prove that the Defendant acted *because of* the victim's actual or perceived religion or national origin. Finally, the probative value outweighs any prejudice because without this context, the jury would be left wondering if this was an isolated incident rather than something that the Defendant had been focused on since October 7, 2022.

**2.** **Defense Motion *in Limine* No. 2: Indictment to Jury**

The government defers to the Court's practice with respect to the Indictment. Moreover, the parties have filed a joint statement of the case (ECF No. 43), obviating the need to provide the jury with the Indictment.

**3.** **Defense Motion *in Limine* No. 3: Attorneys Conducting Voir Dire**

The government defers to the Court's practice with respect to attorney conducted voir dire. The government intends to be very diligent in the jury selection process here, as religion and national origin in an area of global conflict, and one which has become increasingly politicized a mere week prior to a national election, are wrapped up in the crime.

## 4. Defense Motion *in Limine* No. 4: Government Witnesses Under Defense Subpoena

The Court should deny the Defendant's Fourth Motion *in* Limine requesting that the Court order that all government witnesses be "consider[ed]" under defense subpoena so that the Defendant can "retain access to these witnesses," potentially even after they testify at trial because that requests goes beyond the intent for Federal Rule of Criminal Procedure 17(b), and, the Defendant has not made the requisite showing of inability to pay witness fees, or the necessity of the witness's presence for an adequate defense. Defendant's reliance on Federal Rule of Criminal Procedure 17(b) is misguided, under that rule, a defendant can make an ex parte application for the court to issue a subpoena for a named witness if the defendant is unable to pay the witness's fees and the witness's presence is "necessary for an adequate defense." Put simply, the rule provides no support for a blanket order placing all government witnesses under defense subpoena. Similarly, the cases upon which Defendant relies are inapposite: they all involve a defendant's indigence as a basis to waive the requirement that he ensure service of trial subpoenas. That is not what the Defendant seeks here, despite attempting to convince the Court that his indigence demands it.

Even if Rule 17(b) applied here (and it does not), Defendant's request is still plainly insufficient. To warrant issuance of a subpoena under the rule, a defendant must show not only his inability to pay the witness's fees, but also "the necessity of the witness's presence for an adequate defense." The defendant, in other words, must show a particularized need for the witness's testimony and that the testimony is "relevant, material, and useful." *United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009); *see also Wagner v. United States*, 416 F.2d 558 (9th Cir. 1969) (Rule 17(b) "specifically requires a satisfactory showing, not only that the defendant is financially unable to pay the fees of the witnesses, but that the presence of the witnesses is necessary to an adequate defense. Obviously, the right given to a defendant is not absolute."). Defendant has not even attempted to make that showing here.

Defendant, whose investigator has approached several government witnesses already and is clearly capable of subpoenaing them, can certainly do so. The Court should take care not to allow Defendant's Motion *in Limine* to be used as a tool for harassing all of the government's witnesses, including the victim and witnesses living out of state, who must then wait in San Francisco for the defense to release them, call

them for the sole purpose of impeaching them, or to use a favorable ruling on this Motion as a tool for getting the government to waive scope objections on cross-examination. These concerns are not hypothetical. If Defendant considered any of the government's witnesses as a "necessity" for his defense under Rule 17(b), he would have already served them and listed them on his Witness List. Moreover, to the extent the defense seeks to call federal employees, it has not complied with the *Touhy* requirements for obtaining testimony. *See Touhy v. Ragan*, 340 U.S. 462 (1951). (recognizing the authority of a federal agency to restrict the testimony of its subordinates). There being no authority whatsoever supporting this burdensome request, the Court should reject Defendant's Motion *in Limine*, or alternatively order the defense to identify with specificity which witnesses it needs the government to make available.

5. **Defense Motion *in Limine* No. 5: Exclusion of Witnesses and Witness Order**

The Court should deny the Defendant's Fifth Motion *in Limine* insofar as it requests that the Court dictates the witness order of the government's case. Here, Defendant's Motion goes far beyond simple exclusion of non-exempt witnesses – a proposition the government does not quarrel with – but further dictates that the exempt witness (here, the FBI case agent) must be the first witness called. For this, Defendant provides no support, and none is known. The government, which has the burden at trial, is entitled to present its case in a mode and manner that it chooses.

Defendant's demand that the government's case agent testify first should be denied. The Ninth Circuit has made clear that "Federal Rule of Evidence 615 requires a district court to permit a designated officer to be present during trial. Any related decisions are discretionary." *United States v. Valencia-Riascos*, 696 F.3d 938, 939 (9th Cir. 2012). In *Valencia-Riascos*, the government's case agent was not only a percipient witness; he was the victim in the case involving an assault on a federal officer. The district court nonetheless rejected the defendant's argument that calling the agent at the conclusion of the government's case-in-chief violated due process. Although the court noted in passing that it "may be a good practice" to have the case agent testify first, it explicitly held that there was no requirement to do so: "we decline to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference." *Id*. at 943. Here, Special Agent Millspaugh is not a percipient witness.

Neither Rule 615 nor the cases cited by the defendant compel a different result. *See In re United*

*States*, 584 F.2d 666, 667 (5th Cir. 1978), make clear that decisions about the order of witnesses are case-specific and left to the discretion of the trial court. *In re United States*, 584 F.2d at 667 ("The District Court may, in the exercise of its discretion under this rule, conclude that the government should be required to present [the agent's] substantive testimony at an early stage of the government's case if he remains the government's designated representative under Rule 615. However, should it so require, it cannot bar his subsequent testimony either in the government's case in chief or on rebuttal because he was not sequestered."). Here, requiring the government's case agent to testify first would "deprive the prosecution of the opportunity to present its case without interference," *Valencia-Riascos*, 696 F.3d at 943, and would inhibit the effective presentation of evidence in a way that would be most useful to the jury. Nothing in Rule 611(a), or elsewhere, suggests that the interest in calling the exempted witness before any other witness outweighs the government's right to present its case to meet its burden in the manner it deems appropriate.

Under Federal Rule of Evidence 615, if a party requests and no exception applies, the court must exclude witnesses from the courtroom. Here, the Defendant has sought to exclude the government's non-exempt witnesses from trial. The government, in turn, requests exclusion of any defense witness from trial (*see also* U.S. MIL No. 7, ECF No. 51). So long as no exception under the Rule applies, the Court must order sequestration of both parties' witnesses. *See* Fed. R. Evid. 615.Further, going forward, the exclusion order should be limited to pretrial evidentiary hearings and the guilt phase of trial. *See United States v. Robertson*, 895 F.3d 1206, 1214 (9th Cir. 2018) ("This rule of exclusion applies to both pretrial evidentiary hearings and to the guilt phase of the trial."). Accordingly, to the extent that the Defendant's request seeks exclusion at proceedings other than pretrial evidentiary hearings and the trial itself, the Court should deny the request. *See United States v. West*, 607 F.2d 300, 306 (9th Cir. 1979) (concluding that Rule 615 did not apply to hearing on pretrial motion where witnesses did not testify but counsel made offers of proof as to testimony of potential witnesses, noting that "the mandatory exclusion of witnesses exists only in an evidentiary hearing").

Finally, as the Defendant acknowledges, certain types of witnesses are exempt from the rule, including the government's case agent, who is considered the government's representative under Rule 615(b). *See* Fed. R. Evid. 615(b); *United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1984). Other

witnesses whose presence is essential, such as an additional case agent in complex cases, are also exempt from the rule. As a result, the court's sequestration order should not exclude the government's designated case agent, Special Agent Kathleen Millspaugh. Defendant offers nothing to suggest that calling the case agent after other fact witnesses have testified will not be "effective for determining the truth," and there is no reason to conclude otherwise. The Court should therefore deny Defendant's Fifth Motion *in Limine* because it seeks to interfere with the government's ability to present its case.

### 6. **Defense Motion *in Limine* No. 6: Order Production of Grand Jury Transcripts**

Defendant's Motion *in Limine* to direct the government to produce grand jury witnesses should be denied as moot. The government produced the grand jury transcripts over six months ago (US-000418 to US-000489).

### 7. **Defense Motion *in Limine* No. 7: Relevance Objections**

Defendant seeks to exclude nearly all information about him other than that he worked for Lyft. However, that does not make this evidence irrelevant. Defendant worked for Lyft for an income, which was deposited into his Golden1 Credit Union Account (Exhibit 55). Indeed, a limited number of financial records from 2023 shows that Defendant resumed driving for Lyft in July 2023, after an approximately 32-month hiatus. Bank records from January 2023 demonstrate that Defendant worked at Twitter in the interim, where he was involved in identifying and removing hate speech from the Twitter platform (*see* Exhibits 67-70, which Defendant has also objected to for relevance). Defendant's prior experience at Twitter, specifically involving hate speech online, is related to Defendant's sophistication and willfulness in committing the physical hate crime he is now charged with. *See, e.g.*, *United States v. Reyes*, 577 F.3d 1069, 1079 (9th Cir. 2009) (in prosecution for securities fraud, "willfully" means "intentionally undertaking an act that one knows to be wrongful; 'willfully' in this context does not require that the actor know specifically that the conduct was unlawful") (quoting *United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004) (emphasis in original)).

Further, Defendant used his TMobile phone on the Lyft Platform, and his cell phone number and address were associated with his Lyft account, providing evidence corroborating that Defendant was the

Lyft driver that assaulted S.B.[1]  Defendant's use of wireless carrier TMobile while driving as a Lyft driver further shows that the internet and telecommunications were involved in the commission of the offense, satisfying the interstate commerce element.  The government's proposal to use only the call records for the date of the offense (*see* Exhibit 60)[2] is tailored to proof of the offense.  The Court should decline to order these exhibits excluded at this time.

8. **<u>Defense Motion *in Limine* No. 8</u>: R.B.**

Defendant argues that the government should be prohibited from calling a relative of the victim to testify about her observations of the victim after he was assaulted, including when she took him to an emergency room on October 26, 2023, arguing that it will "evoke sympathy from the jury."   However, R.B. has relevant testimony regarding the extent of S.B.'s injuries and their effect on him. The defense, through objections and cross examination will have ample opportunity to ensure that R.B.'s testimony is not *unduly* prejudicial, they cite no case excluding a close relative of an assault victim to testify as a percipient witness to the victim's injuries, and the undersigned knows of none.  The Motion should be denied.

9. **<u>Defense Motion *in Limine* No. 9</u>: Defense Investigator**

The Court should deny the Defendant's request to exempt his investigator from witness sequestration Defendant has designated Investigator Michael Portman as a "case agent" for trial and asked that he be permitted to attend trial.  In his penultimate Motion *in Limine*, Defendant moves to exempt his investigator from a witness sequestration order under Rule 615.  But if Defendant considers Investigator Portman a potential witness at trial, Rule 615 requires his exclusion by its plain terms.   As discussed above, the rule mandates that the court exclude witnesses from attendance at trial unless those witnesses are specifically exempted.  *See* Fed. R. Evid. 615.  Here, Defendant relies on Rule 615(c) as a basis for

---

[1] The government does not intend to offer Uber, Inc. records (Exhibits 61-65) in its case-in-chief at trial.

[2] TMobile times appear in Universal Coordinated Time ("UTC").  As a result, some calls from the day prior and day after have been included.

exemption, claiming that the investigator must be present so that he can conduct "investigations prompted by testimony of other witnesses." This justification is insufficient for the exception to apply.

That the defense investigator may be helpful to the defense in responding to witness testimony is not enough to consider him essential under 615(c). *See, e.g., United States v. Tyler*, 42 F. App'x 186, 197-99 (10th Cir. 2002) (affirming trial court's exclusion of defense investigator who was also a witness from trial despite argument that the investigator "had worked with [the defendant] and defense counsel in sorting through the Government's telephone records and could have helped with impeachment efforts based on some of those recordings" because "the danger of the investigator shaping his testimony based on the testimony of other witnesses outweighed [the defendant's] need to have the investigator at the defense table"); *United States v. Escalante-Melgar*, Crim. No. 16-453, 2020 WL 968091, at *11 (D.N.J. Feb. 2020) (rejecting argument that defense investigator was essential because his presence was "necessary at trial to listen to testimony to possibly investigate facts" and further noting that "although [the defendant] may have shown that the investigator would be helpful, he failed to demonstrate that the investigator's presence is essential to his defense") (emphasis in original). As courts have also observed, the potential helpfulness of the investigator does not outweigh the "significant risk of bias" or "tailoring" of the investigator's testimony in response to other witnesses. *Escalante-Melgar*, 2020 WL 968091, at *12; *see also United States v. King*, 2006 WL 1641881, at *2 (M.D. Fla. June 9, 2006) (denying an investigator's exemption from sequestration in light of the "inherent risks [] that if permitted to remain at counsel table, [the investigator] might shape his testimony-intentionally or unintentionally-based on the testimony of other witnesses").

Defendant's authority to support his request—*United States v. Ortiz*, 10 F. Supp. 2d 1058 (N.D. Iowa 1998)—is unpersuasive. There, the court concluded that a defense investigator was exempt under Rule 615(c), relying on considerations of fairness and observing that the government was permitted to have a case agent at trial under Rule 615(b). But *Ortiz* is an outlier, and several courts have since cited

the decision disapprovingly. *See Escalante-Melgar*, 2020 WL 968091 at *12 n.10. In *United States v. Deleon*, for example, the court observed that it did not find *Ortiz* persuasive because its analysis second-guessed Congress's policy choices and reached its result by "engag[ing] in freeform balancing." No. CR 15-4268, 2018 WL 1871418, at *2 n.2 (D.N.M. Apr. 17, 2018).

If Investigator Portman is to testify regarding his "investigation," then he is a fact witness and must be excluded under Rule 615, and another witness that is not providing such testimony may assist the defense at counsel's table. For these reasons, the Court should deny Defendant's Motion to exclude his investigator from the sequestration order.

**10.     Defense Motion *in Limine* No. 10: Future Objections**

Defendant's last Motion *in Limine*, described as "allow[ing] for future objections by the defense to later-disclosed exhibits" (Motion, ECF No. 52, p. 2), seeks to preserve objections to later-produced exhibits and witnesses. On September 23, 2024, undersigned discussed with counsel for Defendant several of the exhibits that Defendant identifies as "not yet produced." At that time, the government informed the defense that it had not prepared any summaries (Exhibit 95) and likely would not. The government further stated that it was contemplating a demonstrative chart (Exhibit 98) containing Defendant's identifiers across several sources of evidence (for example, Defendant's telephone number and email address and their common use across his Lyft and Reddit accounts) and would provide it as soon as such a chart was prepared. Moreover, the government pointed to US-001686 as the basis for Exhibit 96 and US-001687 as the basis for Exhibit 97, but that higher quality photographs may be produced in their stead.

**III.     CONCLUSION**

For all of the foregoing reasons, the Court should issue rulings prior to trial on the motions set forth above or, in the alternative, at trial if and when the issues identified arise. The government also reserves the right to supplement these motions *in limine* if later presented with additional issues requiring the Court's intervention.

DATED: September 30, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____*/s/*_____
COLIN C. SAMPSON
Assistant United States Attorney
LIA RETTAMMEL
Trial Attorney, Civil Rights Division