UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES

**Date:** October 8, 2024    **Time:** 1 hour, 25 minutes    **Judge:** WILLIAM H. ORRICK
3:32 p.m. to 4:57 p.m.

**Case No.:** 24-cr-00152-WHO-1    **Case Name:** UNITED STATES v. Csaba John Csukas

**Attorneys for Plaintiff:** Colin Sampson (in person) and Lia Rettammel (via videoconference)
**Attorneys for Defendant:** Candis Mitchell and Elisse M. Larouche (both in person)
**Defendant:** [ X ] Present   [  ] Not Present
**Defendant's Custodial Status:** [  ] In Custody  [X] Not in Custody

**Deputy Clerk:** Jean Davis    **Reported by:** Ana Dub
**Interpreter:** n/a    **Probation Officer:** n/a

### PROCEEDINGS AND MINUTE ORDER

Pretrial conference and hearing on motions in limine conducted in hybrid format. The Court provides tentative opinions as to the motions in limine and hears argument of counsel. The Court orders as follows:

Government's MILs:
1. Grant. Posts and re-posts between October 7, 2023, and October 26, 2023, are admissible to show defendant's state of mind, and the post of June 11, 2022, is also admissible to show his long-term interest in the Israel-Palestinian conflict issues. The defense may introduce defendant's other posts and re-posts between October 7-26, 2023.
2. Grant. Defendant may not admit other prior statements.
3. Grant. Exhibits of rider ratings and feedback are irrelevant.
4. Grant. Evidence of Lyft's Terms and Conditions is relevant to defendant's willfulness.
5. N/A – parties shall follow the law. Objections to testimony regarding defendant's mental state will be addressed at trial.
6. Grant. Unopposed.
7. Grant. Only one case agent is permissible.
8. Grant. No one should mention punishment one way or another.
9. Deny.

Defendant's MILs:
1. Deny. See Gov't MIL No. 1.
2. Grant.

3. Grant.  The parties shall each have 15 minutes for voir dire or more at the Court's discretion.
4. Deny.  The defense should subpoena a witness to ensure his/her presence at trial.
5. Grant for sequestration.  Deny re: order of witnesses.  Case agent may testify at any point during the government's case.
6. Moot.  Already provided.
7. Grant regarding bank records.  Generally deny regarding the rest.  The government and defense are encouraged to stipulate to facts not in dispute regarding dates of employment or other non-controversial matters.
8. Deny.  If defense will not stipulate that the element of bodily injury is established, R.B. may testify to her personal knowledge of S.B.'s injuries.
9. Grant. The defense is reminded of its obligations under Federal Rule of Criminal Procedure 16(b), reverse *Jencks*, and disclosure of affirmative defenses as discussed in the Government's MIL No. 5.

Procedure for jury selection and trial schedule discussed. The case specific questions that have been added to the jury questionnaire are reviewed.  **In light of counsels' desire to complete the trial by Halloween, the Court will hold trial all day on Monday, October 28**, starting at 8:30 a.m., with a 15-minute break around 10, a 45-minute break around 11:45, and a 15-minute break around 2 p.m., ending the day before 4 p.m.  Tuesday's trial day will run from 8:30 a.m. to 1:30 p.m., with 15-minute breaks at around 10 and 11:45.  This schedule will likely result in closing argument and the commencement of jury deliberations on Wednesday, assuming the accuracy of counsels' time estimates.  Counsel shall be present each morning of trial at 8 a.m. to discuss any issues outside the presence of the jury.

Disputed jury instructions reviewed.  The Court will conduct a jury instruction conference on October 25, 2025, following jury selection.  The defense will submit revised instructions soon in light of the government's filings on October 7.

The government is directed to submit a brief by October 16, 2024, that supports its view that travel across a State line or national border is relevant in this case when the incident occurred at San Francisco International Airport.  Defendant's response is due October 24, 2024, at noon.

**Jury Selection is set for Friday, October 25, 2024, at 8:30 a.m.**  A hearing to determine whether any jurors should be excused in light of their questionnaire responses will occur at 1 p.m. on October 24, 2024.  The parties and Court should receive the responses by October 22, 2024.