UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES**

**Date:** October 24, 2024      **Time:** 47 minutes      **Judge:** WILLIAM H. ORRICK
                            1:00 p.m. to 1:23 p.m.
                            1:43 p.m. to 2:07 p.m.

**Case No.:** 24-cr-00152-WHO-1     **Case Name:** UNITED STATES v. Csaba John Csukas

**Attorneys for Plaintiff:**     Colin Sampson and Lia Rettammel
**Attorneys for Defendant:**    Candis Mitchell and Elisse M. Larouche
**Defendant:** [ X ] Present [  ] Not Present
**Defendant's Custodial Status:** [  ] In Custody  [ X ] Not in Custody

**Deputy Clerk:** Jean Davis             **Reported by:** Ruth Levine Ekhaus
**Interpreter:** n/a                      **Probation Officer:** n/a

**PROCEEDINGS**

Hearing conducted regarding government's motion to strike (Dkt. No. 81) and motion for reconsideration (Dkt. No. 90), defense's ex parte motion (Dkt. No. 85 (sealed)) and regarding stipulations to excuse perspective jurors from voir dire on October 25, 2024.

Counsel provided an opportunity confer and come to agreement regarding prospective jurors to be excused from voir dire and any modifications to the recently issued preliminary jury instructions.  These issues are revisited after the criminal matter set for 1:30 p.m.

Parties' submissions regarding final jury instructions discussed.

The Court provides tentative opinions about the parties' recently filed motions. Argument of counsel heard.  Rulings on motions provided below.

\*\*\*

**Ruling on Defendant's Ex Parte Filing Regarding Theory of Defense (Dkt. No. 85) (sealed)[1]**
S.B.'s social media posts after October 26, 2023, are irrelevant.  Defense may cross examine S.B. on bias to the extent there is evidence that his bias played any role in the incident on October 26, and in that event may still not refer to specific posts after October 26, 2023 but may ask about consistent opinions that may have existed prior to October 26.  S.B.'s Lyft rider reviews are irrelevant and may not be

---

[1] Good cause shown, the administrative motions to file under seal at Dkt. Nos. 85 and 88 are GRANTED.

introduced.  The government may introduce S.B.'s social media posts and reposts between October 7 and October 26, 2023, and defense may introduce whatever other posts and reposts between those dates that it wishes.  S*ee* Dkt. No. 75.  If the government suggests that defendant was only focused on Israel and/or Palestine or related topics before October 7, 2023, in his social media posts, then defense may introduce posts and reposts from before October 7 by defendant that rebut that assertion.

**Ruling on Government's Motion to Strike Defense Witnesses Disclosed in Amended Witness List (Dkt. No. 81)**
Defense may subpoena anyone it wishes to subpoena.  If the government calls a witness, the defense should cross examine them while they are here.  As for character witnesses, the parties provided little helpful analysis.  It appears that they are sometimes used by the prosecution in hate crime cases to prove intent in lieu of circumstantial evidence.  That should work both ways.  Unless the parties provide better precedent, the defense may use character witnesses to show a lack of animus or hatred toward religious or national group.  No more than two character witnesses may testify on behalf of the defendant.  Of course, their testimony will be subject to Federal Rules of Evidence Rules 404(a)(2), 401, and 403.

**Ruling on Government's Motion for Reconsideration re: Presence of Defense Investigator During Witness Testimony (Dkt. No. 90)**
Given the new information provided by the government, the court will reconsider its initial ruling, *see* Dkt. No. 75 at p.2, and sequester the defense's case investigator Michael Portman from other testifying witnesses because he may be testifying about conversations he had with witnesses who will also be testifying, and it may impact his or their testimony if he hears testimony in court on the same subject.

**Ruling on Defendant's Objection to Admission of Unredacted Gov't Ex. 19 (Dkt. No. 87)**
Statements going to S.B.'s emotional state after the attack are related to medical treatment for trauma and shall not be redacted—this includes the statement "Worried that the man has his address," and "Has not yet been arrested."  The statement ". . .; Working with Lyft and may [sic] people to arrest this man," is not related, and shall be redacted.

Under the subheading "Assessment & Plan," the statements "they are worried as man has not been arrested and has their home address; Has good support from various groups in the area; Police has been helpful as well" shall also be redacted.

\*\*\*

Hearing suspended at 1:23 p.m. and resumed at 1:43 p.m.

Counsel agree to excuse prospective jurors **7, 43 and 55** from voir dire.

Discussion of the motions continues.

The issue of videoconference access for Ms. Mitchell's students is discussed. Audio only will be available to students via the public Zoom Webinar connection. Students are strongly encouraged to attend the proceedings in person.