JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
CANDIS MITCHELL, Bar No. 242797
ELISSE LAROUCHE, Bar No. 308533
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:	(415) 436-7700
Facsimile:	(415) 436-7706
Email:		Candis_Mitchell@fd.org

Counsel for Defendant Csukás

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**CSABA JOHN CSUKÁS,**<br><br>Defendant. | **Case No.:** CR 24–152 WHO<br><br>**DEFENDANT'S THEORY OF THE DEFENSE INSTRUCTION REGARD "BECAUSE OF" ELEMENT OF CHARGED OFFENSE** |

This morning, the Court filed an updated version of its Draft Final Jury Instructions. *See* Dkt. 113. Defendant Csaba John Csukás hereby submits a proposed theory-of-the-defense instruction regarding the "because of" element in 18 U.S.C. § 249(a)(2). *See, e.g.*, *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014) ("A criminal defendant is entitled to jury instructions related to a defense theory so long as there is 'any foundation in the evidence'" and the instruction is "supported by law."); *United States v. Burton*, 410 F.3d 1100, 1103 (9th Cir. 2005) (same).[1] Mr. Csukás requests that his proposed instruction be incorporated in to the Court's current "Because of the Actual or Perceived Religion or National Origin." *See* 113 at 18.

The evidence at trial, particularly the testimony of Mr. Csukás, has demonstrated that there were multiple motivating factors which resulted in the assault of S.B. Accordingly, Mr. Csukás requests this proposed instruction consistent with Consistent with the Supreme Court's explanation of but-for causation in *Burrage v. United States*, 134 S.Ct. 881 (2014).

*Burrage* specifically discussed but-for causation in a context where multiple factors combine to produce a result. *Burrage* explained that when "the predicate act combines with other factors to produce the result," the predicate act is a but-for cause of the result "so long as *the other factors alone would not have*" produced the result themselves. 134 S.Ct. at 888. In the instant prosecution under § 249, but-for causation applies to the defendant's motive, or motivating factors. In that context, *Burrage* provides that when "the predicate [motivating factor] combines with other [motivating factors] to produce the result," the predicate motivating factor is the but for cause of the result "so long as the other [motivating] factors alone would not have" produced the result themselves. *See id.*; *see also* ("[I]f poison is administered to a man with debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived.").

//

//

---

[1] Mr. Csukás renews his previously stated positions and objections regarding the jury instructions, including his position that the government must prove animus to convict him of a hate crime. *See* Dkts. 65, 82, and 100.

In *Burrage*, Justice Scalia provided a useful analogy:

> Consider a baseball game in which the visiting team's leadoff batter hits a home run in the top of the first inning. If the visiting team goes on to win by a score of 1 to 0, every person competent in the English language and familiar with the American pastime would agree that the victory resulted from the home run. This is so because it is natural to say that one event is the outcome or consequence of another when the former would not have occurred but for the latter. It is beside the point that the victory also resulted from a host of *other* necessary causes, such as skillful pitching, the coach's decision to put the leadoff batter in the lineup, and the league's decision to schedule the game. *By contrast, it makes little sense to say that an event resulted from or was the outcome of some earlier action if the action merely played a nonessential contributing role in producing the event. If the visiting team wound up winning 5 to 2 rather than 1 to 0, one would be surprised to read in the sports page that the victory resulted from the leadoff batter's early, non-dispositive home run.*

*Id*. (first emphasis in original, second emphasis added).

Based on the evidence adduced at trial, the present case presents Justice Scalia's second baseball analogy from *Burrage*, with S.B.'s perceived religion or national origin correlating, at most, with the first-inning homerun. The trial evidence has shown that multiple factors motivated Mr. Csukás' assault of S.B.—*e.g.*, the offensive words that S.B. said to Mr. Csukás, the personal stressors in Mr. Csukás' life. Thus, even if the jury were to find that S.B.'s perceived religion or national origin was ***a*** motivating factor in the assault (though Mr. Csukás disputes it was), the jury cannot find S.B.'s religion or national origin was a **but-for cause** of the assault if the other motivating factors present in this case—S.B.'s offensive words, the personal stressors in Mr. Csukás' life—still would have resulted in the assault of S.B.

//
//
//
//
//
//
//
//
//

**PROPOSED SUPPLEMENTAL INSTRUCTION RE "BECAUSE OF" ELEMENT**

Proposed by Mr. Csukas in Dkt. 100, as edit to paragraph 3 of the Court's [Draft] Final Substantive Jury Instructions, Dkt. 94 at 4.

There may be more than one reason why the defendant caused bodily injury to S.B. S.B.'s religion or national origin does not need to be the sole cause of the assault. But if the other reasons defendant caused bodily injury to S.B. would have, on its their own, resulted in the assault, then S.B.'s actual or perceived religion or national origin was not a but-for cause of the assault.

Dated:   October 29, 2024

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

　　　　　　/S
CANDIS MITCHELL
ELISSE LAROUCHE
Assistant Federal Public Defender